THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMUEL H. WALTERS,<br>As Administrator of the Estate of<br>Daniel F. Walters, Deceased,<br><br>and<br><br>RUTH SHEETS,<br>As Administrator of the Estate of<br>Lorrie A. Moody, Deceased,<br><br>      Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 2:11-cv-720<br><br>JUDGE WATSON<br><br>MAGISTRATE JUDGE ABEL |

## **PROTECTIVE ORDER**

IT IS HEREBY ORDERED, under Federal Rule of Civil Procedure 26(c) and the Privacy Act, 5 U.S.C. § 552a(b)(11), that the United States of America is authorized to release to counsel for Samuel H. Walters and counsel for Ruth Sheets, without obtaining written consent of the individual to whom the records pertain, the following Bates labeled files and documents that are or may be subject to protection under the Privacy Act:  Pre-Employment File (140-178), Official Personnel File (179-210), Operators Record (213-219), Observation of Driving Practices (297), Separation Request Worksheet (211), and Resignation From the Postal Service (212), all specifically for Charles A. Delong Jr.; Rural Carrier Trip Reports and Rural Carrier Time Certificates, for personnel delivering on Rural Route 7 including Delong (298-342); and the 804/806 Road Test page that includes

Delong (294).  In addition, although not subject to the Privacy Act, the Examiner's Booklet, Examination 804 Initial Road Test and Examiner's Booklet, Examination 806 End of Training Road Test are covered by this Protective Order under Fed. R. Civ. P. 26(c) since they are ordinarily restricted to use by Postal examiners and are marked "RESTRICTED—Examiner's Use Only."  Disclosure of the foregoing documents, and information from each of those documents, is subject to the following conditions:

      1.      The United States is entitled to assert other objections and privileges and to make appropriate redactions including social security numbers, birth dates, home addresses, and home telephone numbers.

      2.      The plaintiffs shall use the disclosed documents and information only to litigate this case, including any subsequent appeals, and shall not disclose them to the public or any other person or entity for any reason other than to litigate this case, including any subsequent appeals.

      3.      Except as otherwise ordered by this Court, disclosure may be made only to the following persons:  (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (d) persons with factual knowledge relating to this case who may be called as witnesses

at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (e) any deponent in this case during his or her deposition, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; and (f) court personnel, mediators, and court reporters.

4. Any persons to whom disclosure is made shall be given a copy of this Order and advised of its terms.

5. Any party wishing to disclose such materials in any filing in this case must first move for leave to file such materials under seal.

6. Deposition testimony shall be kept confidential, and that testimony shall not be provided to anyone other than the individuals identified in paragraph 3 above and the court reporter.

7. If either plaintiff seeks to use the documents or information in open Court or at trial, orally or through documents, including as trial exhibits, he or she must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

8. The production of the documents is not a waiver of the right of the United States to claim that the documents or information contained in the documents are inadmissible at trial.

9. The entry of this Order and the production of documents is not a waiver by the United States of its right to oppose any additional discovery in this case or any related case.

10. Within 30 days after the end of this litigation, including any appeal, counsel shall return all copies of the documents to the attorney for the United States of America at the United States Attorney's Office, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215. Instead of returning the documents, counsel may destroy the copies and provide written assurance of their destruction to the attorney for the United States of America.

SO ORDERED this 26th day of April, 2012.

                                                    s/ Mark R. Abel
                                                    UNITED STATES MAGISTRATE JUDGE